**WO**  NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Silvana M. Oraha, | No. CV-16-00722-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Carrington Mortgage Services LLC, *et al.*, | |
| Defendants. | |

At issue is Defendant Carrington Mortgage Services, LLC's Motion to Dismiss Plaintiff's Complaint (Doc. 4), to which *pro se* Plaintiff Silvana M. Oraha filed a Response (Doc. 9) and Defendant filed a Reply (Doc. 10). In 2009, Plaintiff obtained a loan secured by a Deed of Trust on real property, which Deed of Trust is now held by Defendant. In the Complaint in the present action, Plaintiff alleges claims against Defendant for breach of contract, breach of the covenant of good faith and fair dealing, and an accounting, all with regard to the loan.

In its Motion to Dismiss, Defendant points out that Plaintiff filed for Chapter 7 bankruptcy protection in the United States Bankruptcy Court for the District of Arizona, Case Number 2:15-BK-15888-PS, on December 18, 2015, two months before she filed the present lawsuit. The bankruptcy case is still pending. Because any claim Plaintiff had as of the date of her bankruptcy filing, including the present action, became part of the bankruptcy estate, Defendant argues that Plaintiff has no standing to bring the present action.

In opposing Defendant's Motion, Plaintiff does not deny that she filed for bankruptcy protection or that her claims arose prior to her bankruptcy filing, but she instead asserts that the Bankruptcy Court granted Defendant leave from the automatic bankruptcy stay for the narrow purpose of foreclosing on the property, and she should thus be able to litigate her claims related to the property. Plaintiff provides no legal support for that proposition, however. Indeed, 11 U.S.C. § 541(a) is clear in providing that all of Plaintiff's claims arising prior to commencement of her bankruptcy case are held by the bankruptcy trustee, and no evidence exists that the bankruptcy estate abandoned Plaintiff's claims, whether in the Bankruptcy Court's lift stay Order or otherwise. As a result, Plaintiff has no standing to bring her claims in this action.

In lieu of dismissing her claims, Plaintiff asks the Court to stay these proceedings pending resolution of her bankruptcy case. The Court finds no cause to stay this matter. If Plaintiff's claims remain after the Bankruptcy Court resolves her case, she may bring them at that time.

**IT IS THEREFORE ORDERED** granting Defendant Carrington Mortgage Services, LLC's Motion to Dismiss Plaintiff's Complaint (Doc. 4). All of Plaintiff's claims are dismissed for lack of standing.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly and close this case.

Dated this 13th day of June, 2016.

Honorable John J. Tuchi
United States District Judge