**WO**  NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Silvana M. Oraha, | No. CV-16-00722-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Carrington Mortgage Services LLC, *et al.*, | |
| Defendants. | |

At issue is *pro se* Plaintiff Silvana M. Oraha's Motion, which is titled "Motion for New Trial, Rehearing and Reconsideration Re Order Dismissing Case" (Doc. 16) and which, in the absence of any other possibilities, the Court must construe as a Motion for Reconsideration of its Order granting Defendant Carrington Mortgage Services, LLC's Motion to Dismiss and closing this case (Doc. 14). Because the Court will deny the Motion, the Court did not await a response from Defendant.

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time

when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc*., 215 F.R.D. 581, 586 (D. Ariz. 2003).

Plaintiff filed for Chapter 7 bankruptcy protection in the United States Bankruptcy Court for the District of Arizona, Case Number 2:15-BK-15888-PS, on December 18, 2015, two months before she filed the present lawsuit. Because Plaintiff's claims in this lawsuit accrued before she filed for bankruptcy protection, the trustee in her bankruptcy proceeding was the real party in interest with regard to her claims. *See* 11 U.S.C. § 541(a); *Dunmore v. United States*, 358 F.3d 1107, 1112 (9th Cir. 2004). In response to Defendant's Motion to Dismiss, Plaintiff provided the Court with no evidence that she, not the trustee, had standing to bring her claims, instead arguing without legal support that she should be able to piggy-back on the Bankruptcy Court's lift-stay order pertaining to Defendant. (Doc. 9 at 2.) Because this argument had no merit, the Court granted Defendant's Motion to Dismiss.

Plaintiff bases her present Motion for Reconsideration on what she alleges is newly discovered evidence, namely, that the Bankruptcy Court allegedly discharged her debts on April 20, 2016 and concluded her bankruptcy case on June 5, 2016, both prior to the Court's Order dismissing this case dated June 13, 2016. (Doc. 16 at 1-2.) She argues that, as a result, the Court should re-open this matter.

To begin with, the Bankruptcy Court discharged Plaintiff's debts several weeks before she filed her Response on May 4, 2016 (Doc. 9, entered May 11, 2016), a fact Plaintiff made no mention of in her Response, instead asking the Court for a three to five month stay so that the Bankruptcy Court had sufficient time to grant a discharge. (Doc. 9 at 2-3.) Yet, in her present Motion, she goes so far as to say Defendant was somehow remiss in not reporting that her debts had been discharged in bankruptcy when it filed its Reply on May 17, 2016. (Doc. 16 at 2.) Plaintiff also failed to disclose to this Court that

the Bankruptcy Court concluded her bankruptcy case on June 5, 2016, eight days before this Court dismissed this action. As a result, the facts Plaintiff now proffers are not "newly discovered" evidence, and Plaintiff provides the Court with no good cause for her failure to previously disclose these facts.

More importantly, these facts by themselves do not change the outcome of the Court's prior Order, and Plaintiff has had ample opportunity to provide the Court with facts sufficient to demonstrate standing, yet has failed to do so. First, she has not disclosed whether she scheduled her present claims against Defendant in her Chapter 7 petition, as she had a duty to do under the Bankruptcy Code. If she did, the trustee could only abandon the bankruptcy estate's interest in her claims "[a]fter notice and a hearing" and upon a finding that the claims are "burdensome" or "of inconsequential value and benefit" to the estate. 11 U.S.C. § 554. The Bankruptcy Rules provide that the trustee "shall give notice of a proposed abandonment . . . to all creditors" unless otherwise directed by the Bankruptcy Court. Fed. R. Bankr. P. 6007. Plaintiff has provided no evidence to this Court that the trustee intended to abandon her claims or that her creditors were notified of the trustee's intent to abandon the claims, as required. *See Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 709-10 (9th Cir. 1986). Plaintiff has thus failed to show that she, not the trustee, is the real party in interest to the claims, even if she did schedule them in her Chapter 7 petition.

If Plaintiff did not schedule her present claims against Defendant in her Chapter 7 petition, then she breached her duty to do so and the claims she failed to schedule remain the bankruptcy estate's property even after the Bankruptcy Court discharged her debt. *Dunmore*, 358 F.3d at 1112. Thus the trustee, and not Plaintiff, would be the real party in interest for her claims.

In sum, Plaintiff has provided the Court with no evidence to meet her burden to demonstrate she has standing to bring her present claims, even though she has now had two opportunities to do so. And even though Plaintiff proceeds *pro se* in this matter, she is not excused from following the law and rules pertaining to this case. *Am. Ass'n of*

- 3 -

1  *Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000) (noting
2  that *pro se* litigants are not excused from following court rules); *Carter v. Comm'r of
3  Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) (same); *see also Pelfresne v. Vill.
4  of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir. 1990) ("A litigant who fails to press a
5  point by supporting it with pertinent authority, or by showing why it is sound despite a
6  lack of supporting authority or in the face of contrary authority, forfeits the point. We
7  will not do [her] research for [her]." (internal quotations omitted)). As a result, the Court
8  must deny Plaintiff's Motion for Reconsideration and decline her invitation to re-open
9  this case.

10  **IT IS THEREFORE ORDERED** denying Plaintiff's Motion for New Trial,
11  Rehearing and Reconsideration Re Order Dismissing Case (Doc. 16). This case remains
12  closed.

13  Dated this 27th day of June, 2016.

Honorable John J. Tuchi
United States District Judge